IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA MARIE G.,[1]

           Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

           Defendant.

No. 6:20-cv-01492-HZ

OPINION & ORDER

Kevin Kerr
Kerr Robinchaux & Carroll
PO Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Nancy Zaragoza
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Seattle, WA 98104

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Lisa Marie G brings this action seeking judicial review of the Commissioner's final decision to deny supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI on November 13, 2017, alleging an onset date of January 10, 2010. Tr. 13.[2] Her application was denied initially and on reconsideration. Tr. 13.

On November 7, 2019, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 39–66. On December 10, 2019, the ALJ found Plaintiff not disabled. Tr. 28. The Appeals Council denied review. Tr. 1–6.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on "back problems," "arthritis," "diabetes," "hypo thyroideum," "gurd," "obesity," and "depression." Tr. 236. At the time of her alleged onset date, she was 38 years old, although she was 46 when her application was filed. Tr. 21, 233, 26. She has a GED and no past relevant work experience as Tr. 238, 26.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 9.

be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that

exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date. Tr. 16. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "diabetes, lumbar degenerative disc disease, asthma, status post motor vehicle accident with multiple fractures in extremities, surgeries, and repair of traumatic diaphragm hernia, left elbow ulnar sensory neuropathy, obesity, anxiety, depression, PTSD." Tr. 16. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 17. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) with the following limitations:

> can occasionally climb ramps and stairs, should not climb ladders, ropes, scaffolds; may need use of an assistive device to ambulate to and from the workstation; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally push and pull with the left upper extremity, can occasionally reach overhead with the left upper extremity; should avoid all exposure to hazards such as unprotected heights and exposure moving mechanical parts; should avoid even moderate exposure to respiratory irritants such as fumes, dusts, gases, and poor ventilation; should avoid concentrated exposure to extreme cold, extreme heat, and humidity; has sufficient concentration, persistence and pace to complete simple, routine tasks for a normal workday and workweek; should have only cursory interactions with coworkers and occasional contact with the general public.

Tr. 20. The ALJ concluded that Plaintiff has no past relevant work. Tr. 26. But at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "semi-conductor loader" and "semi bonder." Tr. 27. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 27–28.

**STANDARD OF REVIEW**

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

**DISCUSSION**

For this appeal, Plaintiff does not challenge the ALJ's findings at steps one through four. Op. Br. 4. Instead, Plaintiff argues only that the Commissioner's decision at step five—jobs in the national economy—was not supported by substantial evidence. Or. Br. 4. Specifically, Plaintiff contends that the Vocational Expert ("VE") vastly overestimated the number of relevant jobs available in the national economy. Or. Br. 5–6.

In response, the Government argues that Plaintiff forfeited any challenge to the vocational expert's job numbers because she did not adequately raise the issue during administrative proceedings before the ALJ. Gov't Br. 4.

To avoid forfeiting a job-numbers related claim, a claimant must raise the issue "in a general sense" before the ALJ. The Ninth Circuit held, in *Shaibi v. Berryhill*, that "when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel." 883 F.3d 1102, 1109 (9th Cir. 2017). The panel recognized, however, "that a claimant will rarely, if ever, be in a position to anticipate the particular occupations a VE might list and the corresponding job numbers to which a VE might testify at a hearing . . . . [and w]e do not suggest that a claimant must, within minutes of a VE's initial testimony, cross-examine a VE with specific alternative job calculations based on the CBP, OOH, or other published sources." *Id.* at 1110. Instead, recognizing the practical limitations facing claimants, the Court established a versatile standard: "It is enough to raise the job-numbers issue in a general sense before the ALJ. A claimant may do so by inquiring as to the evidentiary basis for a VE's estimated job numbers or inquiring as to whether those numbers are consistent with the CBP, OOH, or other sources listed in 20 C.F.R. § 404.1566(d)." *Id.*

Plaintiff adequately raised her job-numbers claim before the ALJ. Tr. 64 (Hearing Transcript). Plaintiff's representative examined the VE, asking him "how did you calculate the numbers" and "are the job numbers you provided specific to the DOT code or are they for the whole OES group." Tr. 64. In so doing, the Plaintiff plainly "raise[d] the job-numbers issue in a general since before the ALJ" because she "inquired as to the evidentiary basis for [the] VE's estimated job numbers." *Id.* The Government's suggestion that the Plaintiff was required to "raise the possibility of contrary evidence," Gov't Br. 6, misreads *Shaibi* and ignores its clear instructions. Although *Shaibi* states that an ALJ may allow a claimant to offer supplemental evidence on the job-numbers issue, the Court did not hold that submitting such evidence to the

6 – OPINION & ORDER

ALJ is required to avoid forfeiture. *See id.* Rather, "rais[ing] the job-numbers issue in a general sense" is enough. *Id.* Thus, Plaintiff appropriately raised the issue before the ALJ.

Turning to the merits, Plaintiff submitted contrary job-numbers evidence to the Appeals Council, but the Council did not discuss it when denying review. Plaintiff's job numbers-evidence and the VE's job-numbers evidence—upon which the ALJ relied—are in clear conflict. *Compare* Tr. 302–03 (Summary of Plaintiff's evidence before AC, finding there are 701 positions nationwide) *with* Tr. 35–38 (VE estimate, suggesting there are 171,000 positions nationwide). Denying Plaintiff benefits without explaining the disparity is harmful error. As in *Buck v. Berryhill*, "the vast discrepancy between the VE's job numbers and those tendered by [Plaintiff], presumably from the same source, is simply too striking to be ignored." 869 F.3d 1040, 1052 (9th Cir. 2017). Because "there are outstanding issues that must be resolved before a determination can be made . . . [and] further administrative proceedings would be useful, a remand is necessary." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). On remand, Plaintiff should be allowed to cross-examine the VE on the job-numbers issues she identified, and the ALJ must address her contrary job-numbers evidence.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for administrative proceedings.

IT IS SO ORDERED.

DATED:___April 3, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge